IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randall Knuth,<br><br>            Plaintiff,<br><br>v.<br><br>Paul Revere Life Insurance Company, et al.,<br><br>            Defendants. | No. CV-14-02387-TUC-RCC<br><br>**ORDER** |

On February 6, 2017 the Honorable D. Thomas Ferraro, United States Magistrate Judge, filed a Report and Recommendation ("R&R") in this action. Doc. 561-1. The R&R recommends this Court deny Plaintiff's Motion for Partial Summary Judgment re: Disability (Doc. 421) and deny Defendants' Motion for Partial Summary Judgment (Doc. 461). *Id*. at 17.

The parties did not object to the recommendation that this Court deny Plaintiff's Motion for Partial Summary Judgment re: Disability (Doc. 421). Defendants did file timely objections to the recommendation that this Court deny their Motion for Partial Summary Judgement (Doc. 461). Doc. 567. Plaintiff filed timely responses to Defendants' objections. Doc. 568.

The Court has considered all of the foregoing circumstances and pleadings, as well as the parties' underlying briefs. As to the Plaintiff's Motion for Partial Summary Judgment (Doc. 421), the Court will adopt Judge Ferraro's findings of fact and conclusions of law and will deny the motion. As to Defendants' Motion for Partial

Summary Judgment (Doc. 461), the Court will adopt Judge Ferraro's findings of fact and conclusions of law and will deny the motion

## STANDARD OF REVIEW AND SUMMARY JUDGEMENT STANDARD

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); see *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005*); United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc); see also, *Arn*, 474 U.S. at 149 ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection.").

A motion for summary judgment may be granted only where there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986). When assessing the record to make this determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Courts recognize that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Id*. at 255.

# ANALYSIS

**A.     Plaintiff's Motion for Partial Summary Judgment Regarding Disability**

Here, the parties have not objected to the portions of the R&R addressing Plaintiff's Motion for Partial Summary Judgment Regarding his Disability Status. As such the Court is relieved of its obligation to review the same. See *Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, this Court has reviewed the record de novo in conjunction with the R&R's recommended disposition of the motion. This Court considers the R&R to be thorough and well-reasoned on this issue. Accordingly, the Court will adopt the R&R's findings of fact and conclusions of law (Doc. 561-1, in part) and will **DENY** Plaintiff's Motion for Partial Summary Judgment (Doc. 421).

**B.     Defendant's Motion for Partial Summary Judgment Regarding Plaintiff's Claims of Bad Faith and Punitive Damages**

Defendants' categorize their objections to the R&R as follows:

> Defendants respectfully submit the R&R misapplied the … law to the undisputed facts in reaching the conclusion that the bad faith and punitive damage claims should go to the jury. The facts of the claim handling are undisputed and documented in Defendants' claim file. Plaintiff argued inferences of unreasonable conduct based on these undisputed facts. The R&R accepted a number of these inferences, even though they are unsupported by the facts.

Doc. 567 at 2.

This Court interprets this introductory paragraph as an assertion that Defendants' do not object to the R&R's conclusions of law. Accordingly, the Court is relieved of its obligation to review the same. See *Reyna-Tapia*, 328 F.3d at 1121.

Instead, Defendants' seven objections would appear to concern the R&R's inherent assertion(s) that the following constitute supported, potentially legitimate factual inferences (i.e. questions for a jury) underpinning Plaintiff's bad faith and punitive damages claims:

1. Whether Plaintiff "revoked his authorization [to allow Unum to interview McFarland] and, if he did, whether Unum complied with [Plaintiff's] revoked authorization and Arizona law" in so interviewing McFarland.  Doc. 567 at 4 (citing Doc. 561-1 at 13).

2. Whether evidence of Plaintiff's pain in Unum's surveillance footage was willfully ignored or suppressed by Defendant Unum.  Doc. 567. at 5 (citing Doc. 561-1 at 14).

3. Whether Dr. Philbin's (Unum's on-site physician) attempted to inappropriately influence Dr. Rogers (a physician not employed by or affiliated with Defendants), in such a way as to negatively impact the former's credibility and in such a way as to constitute evidence of Unum's bad faith insurance practices.  Doc. 567 at 5-6 (citing Doc. 561-1 at 14).

4. Whether Dr. Roger's opinion was improperly rejected by Defendant Unum.  Doc. 567 at 7(citing Doc. 561-1 at 14-15).

5. Whether the timing and substance of Sara McKinnon's December 2, 2015 referral email to Quality Compliance Consultant Diane Cahill, when considered in conjunction with other evidence that ninety-nine percent of files sent to Cahill are targeted for termination, is evidence that the denial of Plaintiff's claim was a fait accompli and undertaken in bad faith.  Doc. 567 at 7-9 (citing Doc. 561-1 at 15).

6. Whether "so-called round tables" were designed to insure proper claims handling, or were, in fact, a subterfuge designed to cover wrongful claims terminations.  Doc. 567 at 9 (citing Doc. 561-1 at 15).

7. Whether the body of information Unum made available to its vocational reviewer was relevant to whether Unum "willfully ignored evidence of its insured's disability."  Doc. 567 at 10 (citing Doc. 561-1 at 16).

The Court has reviewed the record[1] de novo with respect to the aforementioned

---

[1] The Court observes, with respect to inference 1 and 5, that Defendants have urged consideration of evidence contained in various "Defendant's Exhibits."  A review of the record confirms Defendants' citations do not refer to any exhibit attached to their Statement of Facts (Doc. 469), nor any exhibit attached to Plaintiff's Controverting Statement of Facts (corrected at Doc. 508).  Rather, the cited exhibits are attached to a "Declaration of Daniel W. Maguire [Filed concurrently with Defendants' Reply in Support of Motion for Partial Summary Judgment and Reply in Support of Separate Statement of Facts (Doc. 508)]." Doc. 515.  Said declaration and accompanying exhibits were submitted in support of Defendants' Reply in Support of Motion for Partial Summary Judgment and Reply in Support of Separate Statement of Facts. Doc. 514.

Local Rule of Civil Procedure for the District of Arizona ("LRCiv") 56.1 specifies the procedure the parties are to adhere to in when filing motions for summary judgment. Section a of the Rule requires the party moving for summary judgment to file a separate statement of facts with its motion. The non-moving party must then file a statement, separate from its memorandum, that specifically responds to each of the moving party's statements of fact and that sets forth any additional facts that make summary judgment inappropriate. L.R.Civ. 56.1(b).  Local Rule 56.1 does not contemplate a movant

- 4 -

1 inferences. Accepting the evidence proffered by Plaintiff as true and drawing all
2 justifiable inferences in his favor, the Court agrees with the R&R and finds all of the
3 aforementioned inferences of bad faith practices (unreasonable behavior) sufficiently
4 supported by evidence in the record and appropriate jury questions.

5 With respect to inference 1, the Court notes that Plaintiff correctly identifies that
6 the objection implicates a question of law. That is, under Arizona law, the
7 reasonableness of an insurer's actions in handling a claim must be evaluated as of the
8 time of those actions based on what it knew when it acted. See *Mendoza v. McDonald's*
9 *Corp.*, 213 P.3d 288, n.31 (Ariz. App. 2009) ("The reasonableness of an insurer's actions
10 in handling a claim must be evaluated as of the time of those actions based on what it
11 knew when it acted"). Defendants did not, at the time of the claims-decision to interview
12 McFarland, possess the post-interview statements it references in its objections[2].
13 Defendants cannot rely upon such statements to argue that Plaintiff failed to show
14 evidence giving rise to a legitimate inference of bad faith.

15 If a jury were to reach the conclusions Plaintiff advocates and Defendants debates
16 (implicated in the inferences listed above), then the jury could conclude that Defendants
17 were pursuing a course of conduct serving their own interests and in conscious disregard
18 for the fact that their investigation, evaluation and/or processing of Plaintiff's claim was

---

attaching additional exhibits to its reply in support of summary judgment or the filing a separate response to the non-moving party's statement of facts. Although a party may object to facts introduced by the non-moving party in its opposition, the reply "may not introduce new facts or evidence." *EEOC v. Swissport Fueling, Inc.*, 916 F.Supp.2d 1005, 1016 (D.Ariz. 2013)(internal citations omitted); see also, *Parker v. Arizona*, No. CV-08-656-TUC-AWT, 2013 WL 3286414, at *8 (D. Ariz. June 28, 2013). "This is consistent with the moving party's need to show no genuine issue of material facts exists and that there is no need for a trier of fact to weigh conflicting evidence, assuming the non-moving party's evidence is true." *EEOC v. TIN Inc.*, No. CV–06–1899–PHX–NVW, 2008 WL 2323913, at *1 (D.Ariz. June 2, 2008), *rev'd on other grounds*, 349 Fed.Appx. 190 (9th Cir.2009). Accordingly, the Court will not consider this additional evidence in its evaluation of the motion(s) at issue. See LRCiv 7.2(i).

[2] This evidence is included amongst the improperly submitted facts noted in FN1, above. Though the Court will not consider the evidence as grounds for granting Defendants' Motion for Summary Judgment, the Court finds it appropriate to comment on the same for purposes of clarifying its ruling on a question of law relevant to the claims Plaintiff will present at trial.

objectionably unreasonable.   See *Zilich v. State Farm*, 196 Ariz. 234, 328 (2000); *Trus Joist Corp. v. Safeco*, 153 Ariz. 95, 104 (App. 1986).   Evidence of such bad faith conduct, in turn, provides a sufficient basis to send the punitive damages issue to the jury. See *Gurule v. Illinois Mutual Life & Cas. Co.,* 152 Ariz. 600, 602 (1987); *Leavey v. Unum Provident Corp.,* 295 Fed.Appx. 255 at *2 (9th Cir. 2008).   That is, a jury could find, based on the same behavior, that Unum acted with an evil mind because it "acted to serve [its] own interest, having reason to know and consciously disregarding a substantial risk that [its] conduct might significantly injure the rights of others." *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 758 P.2d 1313, 1324 (1988).  Accordingly, the Court will adopt the Court will adopt the R&R's findings of fact and conclusions of law (Doc. 561-1, in remaining part), as supplemented by the findings in this order and will deny Defendants' Motion for Partial Summary Judgment (Doc. 461) regarding Plaintiff's bad faith and punitive damages claims.

**IT IS ORDERED**

1. The Court will **ADOPT** the R&R's findings of fact and conclusions of law (Doc. 561-1, redacted at Doc. 561).
2. Plaintiff's Motion for Partial Summary Judgment re: Disability (Doc. 421) is **DENIED**.
3. Defendants' Motion for Partial Summary Judgment (Doc. 461) is **DENIED**.

Dated this 31st day of March, 2017.

Raner C. Collins
Chief United States District Judge

- 6 -