**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randall Knuth,<br><br>  Plaintiff,<br><br>v.<br><br>Paul Revere Life Insurance Company, et al.,<br><br>  Defendants. | No. CV-14-02387-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Defendants' Amended Motion to Confirm Status of Sealed Documents. (Doc. 591.) The Motion asks the Court to declare three documents (Docs. 544-6, 544-7, and 544-12) as "confidential" and subject to the Court's Protective Order, hereby preventing Plaintiff's counsel from using copies of the document in other litigation. The Court will deny the Motion.

Recently, a third party sought intervention to clarify whether the documents in question could be used in other litigation. The documents are currently sealed but were in the public docket for a short time by order of the Magistrate Judge. Defendants appealed the Magistrate's decision to make the records public, and the Court temporarily sealed the documents while it considered the appeal.[1] Defendants knew that third parties had accessed the documents and fought against discovering how many times the documents had been retrieved from ECF. This case settled before a final determination about how the documents should be handled. However, for the intervenor motion, the Court determined

---

[1] The history of the status of the disputed documents and the Court's reasoning is laid out in detail in the April 2, 2019 Order on the Motion to Intervene. (Doc. 589.)

that intervention was unnecessary because use of copies of the documents at issue in other matters when "obtained during the time they were publicly available, are not in violation of any order in this case. . . . Defendants were on notice of the potential of future use of any documents publicly available by third parties, but failed to procure a prophylactic order from this Court preventing the use of the accessed documents." (Doc. 589 at 1.)

The present motion differs in the details, but not the conclusion. Now Plaintiff's attorney would like to use the disputed documents in subsequent litigation. He claims he is not using his own copy of the documents, but rather copies he obtained them from a third party. Defendants claim that Plaintiff's attorney may not use his copies because he has electronic copies of the original documents that are still subject to the Protective Order.

As the Court stated previously, the last order pertaining to the sealing of these documents was the Magistrate Judge's order directing Plaintiff to file them in the public docket. The order stated that Defendants had not provided compelling reasons to keep the records sealed. The parties then settled. In the Motion to Intervene Order, the Court suggested – perhaps too subtly – that because the last order on whether to keep the documents sealed determined that the documents should be public, and because the parties settled in a manner under Defendants' control, that the Magistrate Judge's determination stood. (Doc. 589 at 5 (citing *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720 (9th Cir. 1982).) Therefore, use of a copy of the documents did not violate any order from this Court.

Defendants' arguments are unpersuasive. Defendants were on notice that (1) the documents had been made public, (2) third parties had obtained copies of the documents, and (3) the documents were highly coveted for use in future litigation. To request Plaintiff's attorney not to use documents that are permissible and available to other attorneys speaks volumes about the "confidential" status of the documents themselves – i.e. they are no longer confidential. Defendants knew long before of the desirability of these documents, but ignored and even fought against a clarification from this Court about the extent of distribution and future treatment of the documents. In essence, Defendants are trying to

| | |
|---|---|
| 1 | lock the gate after the horse has left the barn. |
| 2 | IT IS ORDERED Defendants' Amended Motion to Confirm Status of Sealed |
| 3 | Documents is DENIED. |
| 4 | Dated this 17th day of June, 2019. |

_____
Honorable Raner C. Collins
Senior United States District Judge